UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| INDIANA CARPENTERS PENSION FUND, *et al.*, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )   No. 1:19-cv-04234-SEB-DLP<br>) |
| MAMMOTH, INC.,<br>JASON LEE MARLOW, | )<br>)<br>) |
| Defendants. | ) |

**ORDER**

This matter comes before the Court on Plaintiffs' Motion for Leave to File an Amended Complaint, Dkt. [40]. For the reasons discussed below, Plaintiffs' Motion is **DENIED**.

**I.   Background**

Plaintiffs, the Union and the chairmen and secretaries of the board of trustees of numerous employee benefit funds, filed this lawsuit on October 17, 2019, alleging violations of the Employee Retirement Income Security Act ("ERISA"). (Dkt. 1). Plaintiffs seek to judicially enforce the obligations owed and allegedly breached by Defendant Mammoth, Inc. ("Mammoth"). (Id. at 3). Plaintiffs also sued Jason Marlow ("Marlow"), Mammoth's Owner, President, and Chief Executive Officer, for conversion.[1] (Dkts. 1, 18). At the time of the filing of the complaint, Plaintiffs sought an order compelling Defendants to submit the monthly reporting

---

[1] Defendants Mammoth and Marlow are hereinafter collectively referred to as the "Defendants."

forms and pay any delinquent contributions due for the period June 1, 2018 through October 10, 2019. (Dkt. 1). Plaintiffs also sought the payment of liquidated damages and interest on any delinquent contributions and attorneys' fees and costs. (Id). On February 14, 2020, Defendants filed their Answer, denying the allegations in Plaintiffs' complaint. (Dkt. 18).

On August 26, 2020, the Court approved the parties' Case Management Plan, which set an October 19, 2020 deadline for amending pleadings. (Dkt. 36). On November 18, 2020, Plaintiffs filed the instant motion, which seeks to file a First Amended Complaint to correct the amounts of contributions, liquidated damages, and interest owed for the period January 1, 2018 to November 30, 2019, and to request an audit for the period of December 1, 2019 to present.[2] (Dkt. 40). Defendants filed their response on December 9, 2020, and Plaintiffs filed their reply on December 16, 2020. (Dkts. 43, 44).

## II.   Legal Standard

Federal Rule of Civil Procedure 15 dictates that leave to amend should be freely given when justice so requires. Fed. R. Civ. P 15(a)(2). However, leave to amend is not automatically granted. *Crest Hill Land Dev., LLC v. City of Joliet*, 396 F.3d 801, 804 (7th Cir. 2005). Leave to amend is inappropriate when there is undue delay, bad faith, dilatory motive by the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue

---

[2] Although the Plaintiffs' motion requests an audit from December 1, 2019 through the present, their reply states that the time period they actually seek to audit is "January 1, 2019 to present." (Dkt. 44 at 2 n.1).

2

of allowing the amendment, or the amendment would be futile. *Feldman v. Am. Mann. Life Ins. Co.,* 196 F.3d 783, 793 (7th Cir. 1999). When a party moves to amend a pleading after the deadline established in the case management plan, the Rule 15 requirements must be read in conjunction with the "good cause" requirement of Federal Rule of Civil Procedure 16. *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." *Id.*

### III. Discussion

Plaintiffs' motion simply states the standard for motions for leave to amend and contends that leave should be granted. (Dkt. 40). In response, Defendants argue that Plaintiffs' motion should be denied because the motion is untimely, and Plaintiffs' new audit claim is premature. (Dkt. 43). In reply, Plaintiffs explain the reason for the delay and assert that a motion for leave to amend is not the proper time or place for addressing substantive arguments. (Dkt. 44).

Turning first to the timing of the motion, when a party moves to amend a pleading after the deadline to amend set by the Court, the Court applies the "heightened good-cause standard of Rule 16(b)(4) before considering whether the requirements of Rule 15(a)(2) were satisfied." *Stone v. Couch*, No. 1:19-cv-01193, 2020 WL 4339439, at *1 (S.D. Ind. July 27, 2020). The Court finds that good cause exists for the belated filing of Plaintiffs' motion for leave to amend. As discussed during the December 7, 2020 telephonic status conference and mentioned in both parties' briefs, there was some confusion surrounding the deadlines in the case

management plan. (Dkt. 43 at 1 n.1; Dkt. 44 at 1-2). Plaintiffs were under the impression that the case management deadlines had been extended thirty days, which would have extended the deadline for amending pleadings to November 18, 2020 (the date Plaintiffs filed the instant motion). (Dkt. 44 at 1-2). In the event that the Court accepted the Plaintiffs' present motion as timely, Defendants requested that their untimely response be accepted as timely as well. (Dkt. 43 at 1 n.1). The Court, in its discretion, will accept the Defendants' belated filing. *Frakes v. Peoria Sch Dist. No. 150*, 872 F.3d 545, 549 (7th Cir. 2017) ("District courts have 'considerable discretion in interpreting and applying their local rules.'"). Having found that Plaintiffs meet the heightened good-cause standard of Rule 16(b), the Court will now address whether the Rule 15 requirements have been satisfied.

Defendants contend that Plaintiffs' motion should be denied because Plaintiffs' attempt to add a new, unaudited, and indefinite time period does not present a dispute ripe for review, especially where, as here, Mammoth is willing to cooperate with an audit outside of the judicial process. (Dkt. 43 at 2-3). Defendants also argue such an approach goes against ERISA's enforcement mechanisms and will further protract the litigation. (Id). In response, Plaintiffs assert that whether an audit is premature is a determination for a later stage. (Dkt. 44 at 2). The Court disagrees.[3]

---

[3] Each party also contends that an adverse ruling will affect their willingness to compromise at the February 10, 2021 settlement conference. However, how the parties plan to proceed with the settlement conference is immaterial to this Court's determination of whether leave to amend should be granted.

Although leave to amend shall be freely given when justice so requires, leave is inappropriate when the amendment would be futile. Fed. R. Civ. P. 15(a)(2); *Feldman*, 196 F.3d at 793. The opportunity to amend a complaint is futile if the amended complaint would fail to state a claim upon which relief could be granted. *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1085 (7th Cir. 1997). *See also*, *O'Boyle v. Real Time Resolutions, Inc.*, 910 F.3d 338, 347 (7th Cir. 2018) (stating "[u]nless it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted, the district court should grant leave to amend.").

Count IV of Plaintiffs' proposed first amended complaint asks this Court to compel Defendant Mammoth to submit to a payroll audit for the period of December 1, 2019 to present on the basis that "[p]ursuant to the CBAs, Trust Agreements and Audit Policy, MAMMOTH is required to furnish the Trustees, upon request, with information that the Plaintiffs' auditor may require in order to determine the accuracy of the contributions and wage deductions." (Dkt. 40-1 at 9). However, nowhere in the proposed complaint do Plaintiffs allege that a request for information was made or that said request was denied. (Id.) Further, as stated in Defendants' opposition and supported by Defendant Marlow's Declaration, no request for information has been made and, thus, no request has been denied. (Dkt. 43 at 2; Dkt. 43-1 at 2-3). Defendant Marlow also attests, under penalty of perjury, that Defendant Mammoth will cooperate in a payroll audit for the period of December 1, 2019 to present, if Plaintiffs request one. (Dkt. 43-1 at 3).

5

Pursuant to 29 U.S.C. § 1132(a)(3), Plaintiffs may bring a civil action on behalf of their participants and beneficiaries "to obtain other appropriate equitable relief (i) to redress [violations of the subchapter or violations of the terms of the plan] or (ii) to enforce any provisions of this subchapter or the terms of the plan." Here, Plaintiffs fail to and cannot allege that the equitable relief of a compelled audit is warranted to redress or enforce terms of the plan. Accordingly, any amendment to add a claim requesting an audit would be futile, and Plaintiffs' request to amend their complaint is denied.

Plaintiffs' request to amend their complaint to "correct the amounts of contributions, liquidated damages, and interest Defendants owe for the period of January 1, 2018 to November 30, 2019," Dkt. 40, is also denied. In Plaintiffs' original Complaint, the alleged misconduct covered the period June 1, 2018 through October 10, 2019. (*See* Dkt. 1). However, Plaintiffs now seek to extend the alleged misconduct period by nearly seven months, over one year after this lawsuit was initiated, no less. Allowing such an amendment would unduly prejudice the Defendants and create a never-ending "moving target" of alleged misconduct, further protracting the litigation. *See, e.g., Gadzinski v. Bellile*, No. 19-cv-339-jdp, 2020 WL 4698937, at *2 (E.D. Wis. Aug. 13, 2020) (denying motion to amend complaint where permitting amendment would expand the scope of the case significantly and prejudice defendants, who had proceeded for the past nine months under the assumption that the case was only about video games); *In re Ameritech Corp.*, 188 F.R.D. 280, 283 (N.D. Ill. 1999) (noting undue prejudice occurs when the

6

amendment at least entails a change in the allegations of the complaint); *J.P. Morgan Chase Bank, N.A. v. Drywall Serv. & Supply Co.*, 265 F.R.D. 341, 356 (N.D. Ind. 2010) (noting district courts may consider concerns with protracted litigation in deciding whether to grant leave to amend a pleading).

### IV.    Conclusion

For the reasons discussed above, the Court **DENIES** Plaintiffs' Motion for Leave to File an Amended Complaint, Dkt. [40].

So ORDERED.

Date: 1/29/2021

*[signature]*
Doris L. Pryor
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email